IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES E. SHERROD, | ) | |
| | ) | |
| Petitioner, | ) | 8:18CV155 |
| | ) | |
| v. | ) | |
| | ) | |
| NEBRASKA DEPARTMENT OF CORRECTIONS, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |

After initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, I will dismiss the § 2254 petition without prejudice.[1]

I denied Petitioner's habeas corpus petition attacking his Lancaster County, Nebraska, conviction in 2000 and dismissed it with prejudice. (4:00CV3163.) Not deterred, Petitioner filed another habeas corpus petition that was dismissed without prejudice as a successive petition (4:02CV3098) by Judge Strom. After that, the Court of Appeals denied Petitioner's application for authorization to file a successive habeas petition in Judge Strom's case. (Filing no. 40 in 4:02CV3098.[2]) When still another petition was filed, Judge Shanahan (4:03CV3305) dismissed it also without prejudice for the same reasons articulated by Judge Strom.

The present petition is successive and no permission has been granted by the Court of Appeals to file a successive petition. 28 U.S.C. § 2244 (b)(1). (Emphasis

---

[1] *See State v. Sherrod*, 464 N.W.2d 809 (Neb. 1991) for background.

[2] As Judge Strom observed, in addition to my 2000 case, Sherrod had filed four other earlier habeas actions, to wit: 4:93CV3350 (D. Neb. 1993), 4:93CV3328 (D. Neb. 1993), and 4:91CV3200 (D. Neb. 1991).

added.) *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) (Under provision of Antiterrorism and Effective Death Penalty Act (AEDPA) governing second or successive habeas petitions, if the claim presented in the second or successive petition was also presented in the prior petition, the claim must be dismissed.)

Even if Petitioner could somehow avoid the bar of § 2244 (b)(1), he would be required to seek the permission of the Court of Appeals to commence this second action. 28 U.S.C. § 2444 (b)(2) & (3)(A). He has not done so, and this matter must be dismissed on that basis as well. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain order authorizing him to file second petition).

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that the petition for writ of habeas corpus is denied and dismissed without prejudice. No certificate of appealability has been or will be issued. If Petitioner attempts to appeal this matter, I herewith certify that any appeal is not taken in good faith. Judgment will be entered by separate document.

DATED this 14th day of August, 2018.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge